UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHAD JOHNSON,

                Plaintiff,              ORDER
                                          11-CV-2481(JS)(WDW)

    -against-

SUFFOLK COUNTY, SCPD HEADQUARTERS,
MICHAEL SOTO, SEAN P. McQUAID,
SEAN COMISKEY, individually and
in their official capacities,

                Defendants.
----------------------------------X
APPEARANCES:

For Plaintiff:      Chad Johnson, Pro Se
                      110 Center Drive
                      Riverhead, New York 11901

For Defendants:     No Appearances

SEYBERT, District Judge:

       On May 20, 2011, incarcerated pro se plaintiff Chad Johnson ("Plaintiff") filed his Complaint alleging violation of his civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983") accompanied by an application to proceed in forma pauperis. Upon review of Plaintiff's declaration in support of the application, the Court finds that Plaintiff's financial status qualifies him to file this action without prepayment of the filing fee. Accordingly, the application to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte dismissed with prejudice as against the Suffolk County Police Department Headquarters and without prejudice with leave to file an Amended Complaint as against Suffolk County and the

individual officers in so far as they are being sued in their official capacities.

BACKGROUND

Plaintiff's brief, handwritten Complaint submitted on the Court's civil rights complaint form alleges that, on May 24, 2010, defendant-police officers Michael Soto, Sean P. McQuaid and Sean Comiskey (collectively "the individual Defendants") compelled Plaintiff "to be wittness [sic] against myself" and "denied my requests for counsel numerous times" in violation of Plaintiff's Fifth and Sixth Amendment rights. (Compl. at § IV). Plaintiff further alleges that the individual Defendants violated his Eighth Amendment rights by "choking, smacking, punching [and] kicking" him. (Id.). According to the Complaint, the individual Defendants also "step[ped] on my testicles." (Id.).

As a result of the foregoing, Plaintiff claims to have suffered cuts and bruises on his shoulder, neck, left eye, and on the right side of his face. (Id. at ¶IV. A). Plaintiff also alleges to now suffer from "flagrant migraines, constent [sic] nightmares, depression, and mental/emotional injurys [sic]." (Id.). Plaintiff seeks to recover compensatory damages in the amount of $12,000.00 jointly and severally against each Defendant, punitive damages in the amount of $50,000.00 against each Defendant and the costs of this litigation. (Id. at ¶V). Plaintiff further seeks "a perment [sic] injunction ordering defendants Suffolk

County, S.C.P.D. Headquarters to make it a requirement for law enforcement to video tape reading of rights and accused waiving rights while signing Miranda rights card." (Id.).

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of the Prison Litigation Reform Act ("PLRA")

The PLRA, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(a)&(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's pro se Complaint liberally and interpret it raising the strongest arguments it

suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

A. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. County of Suffolk, No. 07-CV-2138 (RMM)(ARL), 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

Section 1983 does not create a substantive right; rather,

to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). Here, Plaintiff claims that his Fifth, Sixth and Eighth Amendment rights were violated by the Defendants.

In addition, to state a plausible Section 1983 claim against a municipality and/or municipal officers sued in their official capacities, a Complaint must allege that the unconstitutional acts complained of are attributable to a municipal custom, policy or practice. See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008); see also Alberts v. Landeau, No. 09-CV-2162 (RRM)(LB), 2011 WL 1303996, *5 (E.D.N.Y. March 31, 2011) ("Suits brought against government officials in their official capacity are treated as suits against the governmental entity."); Tulloch v. Erie County Holding Ctr., No. 10-CV-0207S, 2010 WL 2609054 (W.D.N.Y. June 24, 2010)(claim against individual officers in their official capacity are equivalent to a claim against the municipality itself) (citations omitted).

B.  <u>Defendant Suffolk County Police Department Headquarters</u>

As a threshold matter, the Plaintiff purports to allege a Section 1983 claim against Defendant Suffolk County Police Department Headquarters. However, "under New York law, departments that are merely administrative arms of a municipality do not have

a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." See Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department); see also Houston v. Nassau County, No. 08-CV-0197 (JFB), 2011 WL 477732, at *2 (E.D.N.Y. Feb. 2, 2011) (the Nassau County police department is and administrative arm of the County without the capacity to sue or be sued); Carthew v. County of Suffolk, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010) (Suffolk County police department is an administrative arm of the County and lacks the capacity to be sued). The Suffolk County Police Department Headquarters is an administrative arm of Suffolk County without an independent legal identity. Accordingly, the Plaintiff's claims against Suffolk County Police Department Headquarters are DISMISSED WITH PREJUDICE.

    C. <u>Claims Against Suffolk County and the Individual Defendants Sued in Their Official Capacities</u>

Insofar as Plaintiff seeks to assert a Section 1983 claim against Suffolk County based on the misconduct of the individual Defendants, it is insufficiently pled. A municipal body, such as a county, may not be held liable under Section 1983 for the unconstitutional acts of its employees absent allegations that such acts are attributable to a municipal custom, policy or practice. See Monell, 436 U.S. at 690-94; see also Pembaur v. Cincinnati, 475 U.S. 469, 478-479, 108 S. Ct. 1292, 89 L. Ed. 2d 452 (1986); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000)

6

(noting that a municipality "cannot properly be held liable . . . unless the injury was inflicted by [its] lawmakers or by those whose edicts or acts may fairly be said to represent official policy"), (internal citations and quotation marks omitted), cert. denied, 531 U.S. 813, 121 S. Ct. 47, 148 L. Ed. 2d 16 (2000); Ricciuti v. N.Y. City., 941 F.2d 119, 123 (2d Cir. 1991).

Even affording Plaintiff's Complaint a liberal construction, the Court cannot reasonably interpret the Complaint to contain allegations concerning an underlying municipal policy or custom that deprived the Plaintiff of a constitutional right. Plaintiff has failed to state a plausible claim against Suffolk County and the individual Defendants sued in their official capacities. Accordingly, Plaintiff's Section 1983 claims against Suffolk County and the individual Defendants sued in their official capacities are dismissed with prejudice unless the Plaintiff files an Amended Complaint in accordance with this Order within thirty (30) days of the date that this Order is served with notice of entry upon the Plaintiff.

### E. Defendants Soto, McQuaid and Comiskey in their Individual Capacities

As noted above, Plaintiff alleges that the individual Defendants, in their individual capacities, compelled Plaintiff to be a witness against himself and denied Plaintiff's request for counsel in violation of his Fifth and Sixth Amendment rights. Plaintiff further alleges that these Defendants subjected him to

7

cruel and unusual punishment in violation of the Eighth Amendment when they beat him while he was at the Suffolk County Police Department Headquarters. Though thin, the Court declines to find at this stage that Plaintiff's constitutional claims against these Defendants sued in their individual capacities are implausible. Accordingly, the Court directs service of the Summons and Complaint upon Defendants Soto, McQuaid and Comiskey.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED and the Complaint is sua sponte dismissed with prejudice as against Defendant Suffolk County Police Department Headquarters. The Complaint is dismissed without prejudice and with leave to file an Amended Complaint against Defendant Suffolk County and Defendant-Officers Soto, McQuaid and Comiskey in their official capacities within thirty (30) days of the date that Plaintiff is served with notice of entry of this Order.

The Clerk of the Court is directed to serve notice of entry of this Order upon the Plaintiff in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure by mailing a copy of this Order to the Plaintiff at his last known address, see Fed. R. Civ. P. 5(b)(2)(c).

The Clerk of the Court is further ordered to forward to the United States Marshal for the Eastern District of New York

copies of Plaintiff's Summons, Complaint, and this Order for service upon Defendant-Officers Soto, McQuaid, and Comiskey without prepayment of fees.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied for the purpose of any appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

                                                  SO ORDERED.

                                        <u>/s/ JOANNA SEYBERT</u>
                                        Joanna Seybert, U.S.D.J.

Dated:     June <u> 23 </u>, 2011
            Central Islip, New York