```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHAD JOHNSON,

                    Plaintiff,                 ORDER
                                               11-CV-2481(JS)(WDW)
          -against-

SUFFOLK COUNTY, MICHAEL SOTO,
SEAN P. McQUAID, SEAN COMISKEY,
individually and in their
official capacities,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Chad Johnson, Pro Se
                    110 Center Drive
                    Riverhead, New York 11901

For Defendants:     Richard T. Dunne, Esq.
                    Suffolk County Department of Law
                    H. Lee Dennison Building
                    100 Veterans Memorial Highway
                    Hauppauge, New York 11788
```

SEYBERT, District Judge:

By Order dated June 23, 2011, this Court granted the application of incarcerated pro se plaintiff Chad Johnson ("Plaintiff") to proceed in forma pauperis and sua sponte dismissed his Complaint, in part, with leave to file an Amended Complaint. By Order dated August 1, 2011, the undersigned granted Plaintiff's request for an extension of time to file an Amended Complaint. In accordance with that Order, on September 13, 2011, Plaintiff filed an Amended Complaint again purporting to allege Section 1983 claims against Suffolk County and Suffolk County Police Officers Michael Soto, Sean McQuaid and Sean Comisky in their individual and official capacities.

As was detailed in the June 23, 2011 Order, a plausible Section 1983 claim must allege that unconstitutional conduct by the County and individual officers sued in their official capacities was the result of some municipal policy or custom. See Order, dated June 23, 2011, Seybert, D.J., see also Paige v. City of New York, No. 10-CV-5469(SLT)(RER), 2011 WL 3701923 (E.D.N.Y. Aug. 23, 2011) (citing Los Angeles County, Cal. v. Humphries, __ U.S. __, 131 S. Ct. 447, 449, 178 L. Ed. 2d 460 (2010); Monell v. Dept. of Social Servs., 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). Even affording Plaintiff's pro se Amended Complaint a liberal construction, the Court cannot reasonably construe the allegations to suggest that the challenged actions of the County or officers in their official capacities were pursuant to any municipal policy or custom. Accordingly, Plaintiff's Amended Complaint fails to state a plausible claim as against the County or the individual officers in the official capacities and such claims are dismissed.

Plaintiff's claims against Defendants Soto, McQuaid and Comiskey in their individual capacities shall proceed and the Court directs service of the Amended Complaint upon Defendants Soto, McQuaid and Comiskey forthwith.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of

any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  26 , 2011
       Central Islip, New York