UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHAD JOHNSON,

                Plaintiff,

                                    11-CV-2481(LDH)(SIL)

-against-

SUFFOLK COUNTY, SCPD HEADQUARTERS,
SEAN COMISKEY, MICHAEL SOTO AND SEAN P.
MCQUAID,

                Defendants.

## SUFFOLK COUNTY DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION PURSUANT TO RULE 56

DATED:      Hauppauge, New York
                 December 23, 2019

                                           Respectfully submitted,

                                           Dennis M. Brown
                                           Suffolk County Attorney
                                           Attorney for Suffolk County Defendants
                                           H. Lee Dennison Building
                                           100 Veterans Memorial Highway
                                           P. O. Box 6100
                                           Hauppauge, New York 11788

                                           By:  Stacy A. Skorupa
                                           Assistant County Attorney

TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................ 1

STANDARD OF REVIEW .................................................................................................... 6

POINT I
PLAINTIFF'S EXCESSIVE FORCE CLAIM SHOULD BE DISMISSED AS THE
RECORD BLATANTLY CONTRADICTS HIS VERSION OF EVENTS ............................... 7

POINT II
PLAINTIFF'S CLAIMS CANNOT BE MAINTAINED WHILE
HIS CONVICTION REMAINS EXTANT .............................................................................. 9

POINT III
PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE
OF COLLATERAL ESTOPPEL ............................................................................................ 10

POINT IV
PLAINTIFF CANNOT PROCEED ON ANY PENDENT CLAIMS
BECAUSE HE DID NOT FILE A NOTICE OF CLAIM .......................................................... 11

POINT V
ALTERNATIVELY, THE COURT SHOULD DECLINE
JURISDICTION OVER ANY PENDENT CLAIMS ............................................................... 12

CONCLUSION ..................................................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**

*Allen v. McCurry*,
   449 U.S. 90 (1980) ................................................................................................................ 10

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ............................................................................................................. 6, 7

*Borum v. Village of Hemstead*,
   590 F. Supp. 2d 376 (E.D.N.Y. 2008) .................................................................................. 10

*Brennan v. Albany Cty.*,
   No. 00-CV-01985, 2005 WL 2437026 (N.D.N.Y. Sept. 30, 2005) ........................................ 12

*Carnegie-Mellon Univ. v. Cohill*,
   484 U.S. 343, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) ......................................................... 12

*Celotex Corp. v. Catrett*,
   477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed 2d 28  (1986) ............................................................. 6

*Channer v. Mitchell*,
   43 F.3d 786 (2d Cir. 1994) ...................................................................................................... 9

*Chapman v. City of New York*,
   No. 06-CV-3153-ENV-JMA, 2011 WL 1240001 (E.D.N.Y. Mar. 30, 2011) ........................ 11

*Colon v. Coughlin*,
   58 F.3d 865 (2d Cir. 1995) .................................................................................................... 10

*Corbett v. Firstline Security Inc.*,
   687 F.Supp.2d 124 (E.D.N.Y. Dec. 9, 2009) ........................................................................... 7

*Davidson v. Bronx Mun. Hosp.*,
   64 N.Y.2d 59, 473 N.E.2d 761 (1984) .................................................................................. 12

*Dingle v. City of New York*,
   728 F. Supp. 2d 332 (S.D.N.Y. 2010) ................................................................................... 11

*Gallo v. Prudential Residential Services, Ltd. Partnership*,
   22 F.3d 1219 (2d Cir. 1994) ................................................................................................. 6, 7

*Green v. Montgomery*,
   219 F.3d 52 (2d Cir. 2000) .................................................................................................... 10

*Heck v. Humphrey*,
  512 U.S. 477 (1994) .................................................................................................... 5, 9

*Jones v. Stancik*,
  No. 02 CV 4541` SJ, 2004 WL 2287779 (E.D.N.Y. Oct. 4, 2004) ......................................... 12

*Kaufman v. Eli Lilly & Co.*,
  65 N.Y.2d 449 (1985) ...................................................................................................... 10

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio, Corp.*,
  475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) ........................................................ 6, 7

*Norton v. Town of Islip*,
  678 F. App'x 17 (2d Cir. 2017) ........................................................................................... 12

*Scott v. Harris*,
  550 U.S. 372 (2007) .......................................................................................................... 7, 8

*Sullivan v. Gagnier*,
  225 F.3d 161 (2d Cir. 2000) ............................................................................................... 10

*Valencia ex rel. Franco v. Lee*,
  316 F.3d 299 (2d Cir. 2003) ............................................................................................... 12

*Ying Jing Gan v. City of New York*,
  996 F.2d 522 (2d Cir. 1993) ................................................................................................ 7

## Statutes

*28 U.S.C. § 2254* .................................................................................................................. 9

42 U.S.C. §1983 .................................................................................................................. 1, 5

N.Y. Gen. Mun. Law § 50-e ................................................................................................. 11

N.Y. Gen. Mun. Law § 50-e(a) ............................................................................................. 12

## Rules

*Fed. R. Civ. P. 56 (c)* .......................................................................................................... 6

Fed. R. Civ. P. 56(e) ............................................................................................................ 6

Fed. R. Civ. P. Rule 56 ........................................................................................................ 1

## PRELIMINARY STATEMENT

Suffolk County Detectives Sean Comiskey ("Defendant Comiskey"), Michael Soto, ("Defendant Soto") and Sean P. McQuaid ("Defendant McQuaid"), defendants in this civil rights action pursuant to 42 U.S.C. §1983, submit this memorandum of law in support of their motion pursuant to Fed. R. Civ. P. Rule 56 for summary judgment dismissing the Amended Complaint of *pro se* plaintiff Chad Johnson ("Plaintiff").  Plaintiff filed his Amended Complaint in this matter on September 13, 2011 alleging that the officers involved in his arrest for Murder in the Second Degree violated his Constitutional rights by using excessive force against him. Specifically, Plaintiff alleges the arresting officers denied his requests for counsel and subjected him to physical abuse that resulted in cuts and bruises to his face, shoulder and neck.  He alleges that statements he provided to the police were a result of this alleged excessive force.

On May 24, 2010, Plaintiff was arrested by the Suffolk County Police for Murder in the Second Degree, Patronizing a Prostitute in the Third Degree, Possession of Marijuana and Aggravated Unlicensed Operation of a Motor Vehicle.  (*See* Suffolk County Defendants' Statement Pursuant to Local Rule 56.1 ("Defendants' 56.1 Statement"), ¶2; Exhibit B, Arrest Report, May 24, 2010 Chad Johnson.)  The victim of this murder, Jennifer Papain, was reported missing by her father on March 26, 2010 and her remains were recovered from a wooded area approximately two months later on May 24, 2010 after Plaintiff provided the location of them to the police.  (*See* Defendants' 56.1 Statement, ¶3; Exhibit C, SCPD Incident Report, Murder of Jennifer Papain.)  A Supplementary Report was filed by the Suffolk County Police Detective Philip Frendo detailing the arresting officers' efforts in recovering the victim's body, including the assistance of Plaintiff in leading the detectives to the wooded area situated north of the Long Island Expressway Drive North, east of Bellport Avenue, in Medford where he buried her.  (*See* Defendants' 56.1 Statement, ¶9; Exhibit H,

1

Supplementary Report, 7/13/10.)  Photographs of Plaintiff were taken on May 24, 2010 to document his presence at the victim's burial location and depict him pointing out to the arresting officers where he buried her body.  (*See* Defendants' 56.1 Statement, ¶10; Exhibit I, Four (4) photos of Plaintiff pointing to the location of the victim.)

Following his arrest, Plaintiff was properly advised of his rights.  A Rules of Interrogation card that advised Plaintiff of his rights was signed and initialed at 2:25 p.m. on May 24, 2010. (*See* Defendants' 56.1 Statement, ¶7; Exhibit F, Rules of Interrogation card of Chad Johnson.)  Later that day at 9:55 pm, following the recovery of the victim's body, Plaintiff was again advised of his rights when he initialed and signed an acknowledgment and waiver of his rights and provided the arresting officers with a ten-page statement in which he detailed his involvement in the murder of the victim. Plaintiff acknowledged that he spoke with Defendants Soto and Comiskey earlier and agreed to show them where he buried the victim's body.  (*See* Defendants' 56.1 Statement, ¶3; Exhibit E, Advice of Rights statement of Chad Johnson, 5/24/10.)  Plaintiff was given the opportunity to make a video statement in addition to this written statement, but declined to do so.  (*See* Defendants' 56.1 Statement, ¶3; Exhibit G, Video Statement Form signed by Chad Johnson.) The following morning, Plaintiff was transported to First District Court for arraignment.  (*See* Defendants' 56.1 Statement, ¶4; Exhibit D, Chad Johnson Prisoner Activity Log).

Plaintiff filed his Amended Complaint in this matter on September 13, 2011 alleging that officers involved in his arrest for Murder in the Second Degree violated his Constitutional rights by using excessive force against him.  He alleges the arresting officers denied his requests for counsel and subjected him to physical abuse that resulted in cuts and bruises to his face, shoulder and neck. (*See* Defendants' 56.1 Statement, ¶1; Exhibit A, Complaint, ¶ IV.)

2

Plaintiff has alleged being beaten multiple times by the arresting officers during his interrogation. Over a period of several hours, he claimed to have been repeatedly punched in the face, neck, head, chest and stomach. He alleges to have been repeatedly kicked while lying on the floor following being struck in the head or face. This testimony is not supported in any manner by photographs taken of him both during his processing and the next day prior to his arraignment in First District Court. (*See* Defendants' 56.1 Statement, ¶15; Exhibit N, deposition transcript of Chad Johnson dated 11/30/16, pgs. 105-174.)

Plaintiff's Prisoner Activity Log details his condition and activity from the time of his arrest at 2:05 p.m. on May 24, 2010 through his transport to Suffolk County First District Court for arraignment at 7:45 a.m. the following morning. (*See* Defendants' 56.1 Statement, ¶4; Exhibit D, Chad Johnson Prisoner Activity Log). This log notes that Plaintiff did not complain of any injuries and details that photographs were taken of him at 1:36 a.m. the following morning on May 25, 2010 following his earlier transport to 495 Express Drive North w/o Bellport Ave, Medford (at 7:56 p.m. on May 24, 2010) where Plaintiff showed the detectives where he buried Papain. (*See* Defendants' 56.1 Statement, ¶5; *See* Exhibit D, Chad Johnson Prisoner Activity Log 5/24/10 to 5/25/10). Specifically, sixteen (16) Wellness photographs were taken of Plaintiff after his arrest that clearly show his face and entire upper and lower body and he does not appear to have any marks or injuries consistent with the allegations made in his Amended Complaint. (*See* Defendants' 56.1 Statement, ¶11; Exhibit J, Sixteen (16) Wellness photographs of Plaintiff.)

Plaintiff's booking photo mugshot was taken by the Suffolk County Sheriff's Office on May 25, 2010. Plaintiff again does not appear to have any marks or bruises consistent with his allegations in the complaint. (*See* Defendants' 56.1 Statement, ¶12; Exhibit K, Photo of plaintiff taken on 5/25/10.)

3

Two (2) photographs were enlarged of Plaintiff's face and forehead area and do not reveal cuts or bruises consistent with the allegations in this matter. (*See* Defendants' 56.1 Statement, ¶13; Exhibit L, Two (2) enlarged photographs of Plaintiff's face and forehead.)

During the pendency of the criminal case in Suffolk County Court, a combined hearing was held to determine whether Plaintiff's arrest and statements transgressed upon either his state or federal constitutional rights in any manner. On March 23, 2011, the Court specifically held:

> The People have sustained their burden to produce evidence that the police encounters with the Defendant were permitted by law and that his arrest on May 24, 2010 was authorized. *People v. Berrios,* 28 N.Y.2d 361 The Defendant has failed to sustain his burden of proof by a preponderance of the evidence that the police encounters with the Defendant and, ultimately his arrest, transgressed upon either the Defendant's state or federal constitutional rights in any manner. Accordingly the Defendant's motion to suppress evidence as the product of an unconstitutional police encounter, search or seizure, is in all respects denied. [] Here, the People have sustained their burden of proof beyond a reasonable doubt that the statements made by the defendant to the police in each instance were both voluntary and truthful. *People v. Renis,* 94 *A.D.2d* 728. The People have also satisfied their burden of producing evidence that all the statements made by the Defendant prior to his May 24, 2010 arrest were non-custodial, and that the Defendant was only in custody on May 24, 2010 after he had gotten out of the car he was driving. The People have also adduced evidence that the Defendant was read his *Miranda* rights and warnings, and that he knowingly, intelligently and voluntarily waived his right to counsel and right to remain silent before any custodial statements were made by the Defendant.

(*See* Defendants' 56.1 Statement, ¶14; Exhibit M, County Court, County of Suffolk, Decision and Order of the Hon. Gary J. Weber dated March 23, 2011.)

4

Following the aforementioned hearing, Plaintiff was convicted after trial of Murder in the Second Degree, Patronizing a Prostitute in the Third Degree and Aggravated Unlicensed Operation of a Motor Vehicle in the Second Degree. This judgment and conviction was affirmed and upheld by the New York State Appellate Division, Second Department, on December 24, 2014 [*See* DE 50]. Plaintiff has since exhausted his state court appeal as his Application for Leave to Appeal to the New York State Court of Appeals was denied on March 26, 2015. [*See* DE 53 and 53-1.]

As Defendants set forth below, Plaintiff cannot sustain his alleged claims and summary judgment is appropriate. Factually, Plaintiff has no proof that he was subjected to excessive force or denied the right to counsel. His allegations against Defendant are baseless and the record blatantly contradicts his version of events. The evidence set forth above is uncontroverted and indicates exactly the opposite of what he alleges. Given that a determination was made in the underlying criminal case as to these very issues, a verdict in Plaintiff's favor in a civil case would undermine the validity of Plaintiff's criminal conviction. Pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff's claims cannot be maintained while his conviction remains extant. Additionally, his claims are barred by collateral estoppel as these very issues upon which his Amended Complaint is predicated were already litigated in the underlying criminal proceeding as set forth above.

Should the Court interpret the Amended Complaint as including both §1983 and state law claims against Defendants, but dismiss only the federal claims, only the pendent claims will remain. However, Plaintiff did not file a Notice of Claim prior to bringing this case and as such, cannot proceed on any pendent claims. Should the Court grant summary judgment to

5

Defendants and dismiss the federal claims, but not wish to adjudicate the sufficiency of any pendent claims, Defendants respectfully submit that it should decline jurisdiction over them.

## STANDARD OF REVIEW

It is well settled that summary judgment is proper only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". *Fed. R. Civ. P. 56 (c)*; *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2551, 91 L.Ed 2d 28 265 (1986).

The trial court's task at the summary judgment stage of the litigation is limited to discerning whether there are genuine issues of material fact to be tried, not deciding them. Its duty, in short, is confined at this point to issue-finding. It does not extend to issue resolution. *Gallo v. Prudential Residential Services, Ltd. Partnership*, 22 F.3d 1219, 1224 (2d Cir. 1994). Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

The moving party bears the initial burden of informing the district court of the basis for its motion and identifying the matter that it believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2552. Once the moving party had met this burden, the non-moving party must come forward with "specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio, Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting Fed. R. Civ. P. 56(e). The non-movant must surpass an evidentiary threshold:

> …the non-moving party cannot survive summary judgment by casting mere "metaphysical doubt" upon the evidence produced by

6

> the moving party. *Matsushita*, 475 U.S. at 586. Summary judgment is appropriate where the moving party can show that "little or no evidence may be found in support" of the non-moving party's case. *Gallo v. Prudential Residential Services*, 22 F.3d 1219, 1223-24 (2d Cir. 1994).

*Corbett v. Firstline Security Inc.,* 687 F.Supp.2d 124 (E.D.N.Y. Dec. 9, 2009).

Stated alternatively, to survive a motion for summary judgment, the non-movant must do more than present evidence that is merely colorable, conclusory or speculative. *Anderson*, 477 U.S. at 249-50. The non-movant must offer evidence that demonstrates the existence of a genuine issue of material fact that must be decided by a jury. *Id.* The non-moving party must produce evidence in the record "and may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir. 1993).

As now explained, Plaintiff cannot point to any evidence of substance to support his claims. He therefore identifies no material issue of fact which a jury should consider. As such, summary judgment to Defendants is warranted.

## POINT I

### PLAINTIFF'S EXCESSIVE FORCE CLAIM SHOULD BE DISMISSED AS THE RECORD BLATANTLY CONTRADICTS HIS VERSION OF EVENTS

As the United States Supreme Court held in *Scott v. Harris*, 550 U.S. 372, 380 (2007), "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." In *Scott v. Harris*, the plaintiff, Timothy Scott, was a motorist who brought a §1983 action against a county deputy and others alleging, inter alia, use of excessive force in violation of his Fourth Amendment rights during a

7

high-speed chase. The record in the case included a videotape that captured the events in question. There were no allegations or indications that the videotape had been altered or any contention that what it depicted differed from what actually transpired. As stated by the Court, the videotape "quite clearly" contradicted the version of the story told by Scott. *Scott v. Harris*, 550 U.S. at 378. As such, the Court found that Scott's "version of events" was "so utterly discredited by the record that no reasonable jury could have believed him" and therefore, the lower court "should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. at 380-381. Based on that determination, the Court found it was "quite clear that Deputy Scott did not violate the Fourth Amendment." *Scott v. Harris*, 550 U.S. at 381.

      Defendants contend that the standard in *Scott v. Harris* is applicable to this case. Plaintiff's version of events drastically differs from that of Defendants and is blatantly contradicted by the record. No reasonable jury could believe it and as such, Defendants respectfully submit that the Court should not adopt that version of the facts for purposes of ruling on this motion for summary judgment. As described above, all of the photographic evidence in the record depicting Plaintiff *during and after* his encounters with Defendants, as well as his Prisoner Activity Log and the other documentary evidence provided, do not support his arguments of excessive force and the injuries he alleges he sustained in any way. As such, his excessive force claim should be dismissed.

# POINT II

## PLAINTIFF'S CLAIMS CANNOT BE MAINTAINED
## WHILE HIS CONVICTION REMAINS EXTANT

Plaintiff's § 1983 claims must be dismissed because they are barred by the United States Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477, 486–487 (1994). When a verdict in a plaintiff's favor in a civil case would undermine the integrity of his criminal conviction, a plaintiff may not proceed with such an action until he succeeds in setting the conviction aside. In *Heck*, the Supreme Court explained this principle as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, *28 U.S.C. § 2254*. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. 477.

Plaintiff's claim arises out of conduct related to his criminal prosecution, more specifically, what he alleges was an unlawful arrest and interrogation that resulted in his indictment on the charges of which he was ultimately convicted. Clearly a determination by a jury in a § 1983 action that the method of obtaining that evidence violated his constitution rights would implicate the validity of his underlying conviction. *See*, *Channer v. Mitchell*, 43 F.3d 786, 787-88 (2d Cir. 1994)(per curiam) (affirming *Heck*-based dismissal of claim that police officers committed perjury and coerced witnesses to identify plaintiff wrongly). Since the claims asserted by Plaintiff in the Amended Complaint would implicate the validity of his conviction and he has failed to demonstrate that the conviction or sentence has been reversed or set aside, he

9

has no cognizable claim under § 1983. Accordingly, Plaintiff failed to demonstrate that he had been deprived of any constitutional rights in his underlying criminal matter and the Amended Complaint must be dismissed.

## POINT III

### PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL

Plaintiff's Amended Complaint should be dismissed based upon the doctrine of collateral estoppel. Collateral estoppel prevents a party from relitigating issues in a subsequent litigation that were, or could have been, brought in a prior action. A federal court must give a state court judgment the same preclusive effect that it would have in the courts of that state. *Green v. Montgomery*, 219 F.3d 52, 55 (2d Cir. 2000).

Under New York law, collateral estoppel, or issue preclusion, applies "if (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Colon v. Coughlin*, 58 F.3d 865, 869 (2d Cir. 1995). *See Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000); *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455 (1985). Collateral estoppel applies to §1983 claims. *Allen v. McCurry*, 449 U.S. 90 (1980); *Borum v. Village of Hemstead*, 590 F. Supp. 2d 376, 380-81 (E.D.N.Y. 2008).

In this case, as delineated above, the issue in question—whether Plaintiff's state or federal constitutional rights were in any way violated during the course of his interactions with the police on May 24, 2010—was fully litigated in the underlying criminal case in Suffolk County Court. Plaintiff had a full and fair opportunity to litigate the issue in the underlying criminal case both at the aforementioned hearings in front of Judge Weber and at the trial. In litigating this issue, as stated, the Court found at the hearings that Plaintiff had failed to sustain

his burden of proof by a preponderance of the evidence that the police encounters with him on May 24, 2010 and his arrest transgressed on his state or federal constitutional rights in any way. The Court further found that the District Attorney's Office had sustained their burden of proof beyond a reasonable doubt that the statements made by Plaintiff were voluntary and truthful and in no way violated his constitutional rights. The Court found that Plaintiff was read his *Miranda* rights and warnings and that he knowingly, intelligently and voluntarily waived his right to counsel and his right to remain silent prior to making any custodial statements. (*See* Defendants' 56.1 Statement, ¶14; Exhibit M, County Court, County of Suffolk, Decision and Order of the Hon. Gary J. Weber dated March 23, 2011.)

Based upon the foregoing, Plaintiff's claims are barred by the doctrine of collateral estoppel and his Amended Complaint must be dismissed.

## POINT IV

### PLAINTIFF CANNOT PROCEED ON ANY PENDENT CLAIMS BECAUSE HE DID NOT FILE A NOTICE OF CLAIM

Should the Court interpret the Amended Complaint as including both §1983 and state law claims against Defendants, but dismiss only the federal claims, only the pendent claims will remain. However, Plaintiff did not file a Notice of Claim prior to bringing this case and as such, cannot proceed on any pendent claims.

The notice of claim requirements of the N.Y. Gen. Mun. Law § 50-e *et seq.* apply to state law claims brought in the federal courts to the same degree and in the same manner they apply to claims brought in state court. *Chapman v. City of New York*, No. 06-CV-3153-ENV-JMA, 2011 WL 1240001, at *13 (E.D.N.Y. Mar. 30, 2011)("State notice of claim requirements ... are substantive law that must be applied by federal courts in deciding pendent state and local law claims."); *Dingle v. City of New York*, 728 F. Supp. 2d 332, 348–349 (S.D.N.Y. 2010)("Federal

11

courts do not have jurisdiction to hear state law claims brought by plaintiffs who have failed to comply with the notice of claim requirement, nor can a federal court grant a plaintiff permission to file a late notice of claim."); *Brennan v. Albany Cty.*, No. 00-CV-01985, 2005 WL 2437026, at *6 (N.D.N.Y. Sept. 30, 2005) citing *Jones v. Stancik*, No. 02 CV 4541` SJ, 2004 WL 2287779 (E.D.N.Y. Oct. 4, 2004)("Where state law specifies a particular notice of claim procedure, federal courts are not free to substitute another procedure.")

The notice of claim is the central and absolute condition precedent to suit established by the N.Y. General Municipal Law. N.Y. Gen. Mun. Law § 50-e(a) provides:

> (a) In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, as defined in the general construction law, or any officer, appointee or employee thereof, the notice of claim shall comply with and be served in accordance with the provisions of this section within ninety days after the claim arises…

N.Y. Gen. Mun. Law § 50-e(a).

As Plainiff did not file a Notice of Claimprior to commencing this action, any pendent claim must be dismissed. *Davidson v. Bronx Mun. Hosp.*, 64 N.Y.2d 59, 473 N.E.2d 761 (1984).

## POINT V

### ALTERNATELY, THE COURT SHOULD DECLINE JURISDICTION OVER ANY PENDENT CLAIMS

Should the Court grant summary judgment to Defendants and dismiss the federal claims, but not wish to adjudicate the sufficiency of any pendent claims, it should decline jurisdiction over them. *Norton v. Town of Islip*, 678 F. App'x 17, 22 (2d Cir. 2017) citing *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (2d Cir. 2005 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988))("[I]n the absence of any surviving federal claims, [the Second Circuit has] observed

that "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law").

## CONCLUSION

For the reasons set forth above, the Court should grant Defendants' motion for summary judgment pursuant to Rule 56 dismissing the Amended Complaint.

Dated: Hauppauge, New York
December 23, 2019

> DENNIS M. BROWN
> Suffolk County Attorney
> Attorney for Defendants
> Office and P.O. Address
> 100 Veterans Memorial Highway
> P.O. Box 6100
> Hauppauge, New York 11788

By: */s/ Stacy A. Skorupa*
Stacy A. Skorupa
Assistant County Attorney

13