**COUNTY OF SUFFOLK**



**STEVEN BELLONE**
**SUFFOLK COUNTY EXECUTIVE**

**DENNIS M. COHEN**  **DEPARTMENT OF LAW**
**COUNTY ATTORNEY**

July 24, 2020

Hon. LaShann DeArcy Hall, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Johnson v. County of Suffolk, et al.
      11-cv-02481(LDH)(SIL)

Dear DeArcy Hall:

I am the Assistant County Attorney for the County of Suffolk assigned to represent the named County Defendants in the above-captioned matter. On March 31, 2020, Defendants filed our unopposed motion for summary judgment [DE 93]. As noted in this submission, Defendants were in receipt of the Court's Orders dated February 13, 2020 and March 13, 2020, respectively, granting Plaintiff's first and second requests for extensions of time to file his opposition to Defendants' motion for same. These Orders granted extensions from February 6, 2020 to March 6, 2020 and thereafter to March 26, 2020. As of March 31, 2020, Defendants had not received Plaintiff's opposition or any further request for an extension of time to file same from the Court. As such, Defendants respectfully requested that our motion for summary judgment be granted as unopposed. Following submission of our motion, Defendants served courtesy copies on the Court in compliance with Sections II.D and III.B.3 of the Court's Individual Practices.

Since submission of our unopposed motion, Plaintiff has filed four additional requests for extensions of time to file his opposition on the Court, all of which were untimely [DE 95, 96, 97 and 98]. The Court neither granted nor denied these requests. Finally, on July 10, 2020, a document entitled "Rule 56.1 Statement" and appearing to be Plaintiff's opposition posted to the docket [DE 100]. This document was never served on Defendants despite the attached non-notarized affidavit indicating differently. On July 20, 2020, an additional letter from Plaintiff dated July 14, 2020 [DE 101] posted to the docket indicating Plaintiff had inadvertently mailed what appears to be his opposition to the Court of Appeals which he claims is the reason his affidavit was not notarized. Attached was a notarized affidavit of service for Plaintiff's alleged service of his opposition on Defendants. However, to date Defendants have never been served with a copy of Plaintiff's opposition and only were notified he filed one based upon the notification from the Court found at DE 100.

Defendants respectfully request that the Court accept this letter as our reply to Plaintiff's opposition to our motion for summary judgment. Preliminarily, Defendants oppose the Court's acceptance of Plaintiff's opposition altogether as it is untimely by almost four (4) months without leave of the Court for an extension. Defendants further oppose the Court's acceptance of his opposition as it was never served on Defendants. It should be noted that in Plaintiff's extension requests he indicates a need for various additional documents he was gathering apart from those attached to his original Rule 56.1 Statement [DE 85]. Despite that, he offers no new documents or evidence in his opposition outside of what he originally filed when said Statement was filed in June 2019.

Should the Court choose to consider Plaintiff's opposition on the merits despite the fact that it is untimely by almost four (4) months and was never served on Defendants, Defendants oppose consideration of the Rule 56.1 Statement which comprises the first two pages of it in that it differs from that filed on June 13, 2019 [DE 85] regarding the letters attached to each exhibit and the lack thereof. Additionally, at the end of his Preliminary Statement, Plaintiff indicates he is submitting his entire medical records from May 25, 2010 to 2018 in support of his opposition, but said records are not attached to his motion nor are they referenced in his Rule 56.1 Statement. Beyond these arguments, Defendants stand by the facts and arguments proffered in our original motion and contend that Plaintiff's arguments and the evidence cited in support of them (or lack thereof) do not controvert them and as such, cannot survive summary judgment.

In a motion for summary judgment, the non-movant must surpass an evidentiary threshold:

> …the non-moving party cannot survive summary judgment by casting mere "metaphysical doubt" upon the evidence produced by the moving party. *Matsushita*, 475 U.S. at 586. Summary judgment is appropriate where the moving party can show that "little or no evidence may be found in support" of the non-moving party's case. *Gallo v. Prudential Residential Services*, 22 F.3d 1219, 1223-24 (2d Cir. 1994).

*Corbett v. Firstline Security Inc.,* 687 F.Supp.2d 124 (E.D.N.Y. Dec. 9, 2009). Stated alternatively, to survive a motion for summary judgment, the non-movant must do more than present evidence that is merely colorable, conclusory or speculative. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986). The non-movant must offer evidence that demonstrates the existence of a genuine issue of material fact that must be decided by a jury. *Id.* The non-moving party must produce evidence in the record "and may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir. 1993).

It is the position of Defendants that Plaintiff does not meet the evidentiary threshold to survive summary judgment. In conclusion, Defendants again respectfully request that our motion for summary judgment be granted as unopposed for the reasons set forth. In the alternative, should the Court choose to accept Plaintiff's late filing and lack of service on Defendants, Defendants request that our motion for summary judgment be granted for the reasons set forth above.

I thank the Court for its attention to this matter.

Respectfully submitted,

Dennis M. Cohen
Suffolk County Attorney
By:    /s/ Stacy A. Skorupa
      Stacy A. Skorupa
      Assistant County Attorney


CC:    Chad Johnson, 12A0372
       Downstate Correctional Facility
       121 Red Schoolhouse Road
       P.O. Box F
       Fishkill, New York 12524