UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHAD S. JOHNSON,

                        Plaintiff,

              v.

SUFFOLK COUNTY, SCPD HEADQUARTERS,
SEAN COMISKEY, MICHAEL SOTO, AND SEAN
P. MCQUAID,

                        Defendants.

**MEMORANDUM AND ORDER**
11-CV-2481 (LDH) (SIL)

---

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

      Plaintiff Chad S. Johnson, proceeding pro se, brings the instant action against Defendants Sean Comiskey, Michael Soto, and Sean P. McQuaid, individually and in their official capacities, asserting claims pursuant to 42 U.S.C. § 1983 for violation of his Fifth, Sixth, and Eighth Amendment rights. Defendants move pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment to dismiss the amended complaint in its entirety.[1]

### UNDISPUTED FACTS[2]

      On May 24, 2010, Plaintiff was arrested by Suffolk County Police and charged with Murder in the Second Degree, Patronizing a Prostitute in the Third Degree, Possession of Marijuana, and Aggravated Unlicensed Operation of a Motor Vehicle. (Defendants' Statement of Material Facts Pursuant to Local Civ. R. 56.1 ("Defs.' 56.1") ¶ 2, ECF No. 93-7.) Plaintiff's Prisoner Activity Log details his condition and activity from the time of his arrest at 2:05 p.m. on

---

[1] By letters dated April 1, 2020; April 27, 2020; May 26, 2020; June 22, 2020, respectively, Plaintiff filed motions for an extension of time to oppose Defendants' motion for summary judgment. (ECF Nos. 95, 96, 97, 98.) Plaintiff's motions for extensions of time are granted.

[2] The following facts are taken from the parties' statements of material fact pursuant to Local Rule 56.1 and annexed exhibits. Unless otherwise noted, the facts are undisputed. Facts that are not contradicted by citations to admissible evidence are deemed admitted. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.").

May 24, 2010, through his transport for arraignment the following morning. (*Id.* ¶ 4.) Following his arrest, sixteen "wellness photographs" were taken of Plaintiff's face, upper body, and lower body. (*Id.* ¶ 11.) While in custody, and prior to his arraignment, Plaintiff was interrogated and provided officers with the location of the victim's remains and a written statement detailing his involvement in the murder. (*Id.* ¶¶ 3, 5, 7.) Plaintiff maintains that he had been "beaten multiple times by the arresting officers during his [May 24, 2010] interrogation" and had been repeatedly "punched in the face, neck, head, chest and stomach," and "kicked while lying on the floor following being struck in the head or face." (*Id.* ¶ 15.) Defendants maintain this is not supported by evidence in the record. (*Id.*) Plaintiff also alleges his request for counsel was denied. (*Id.* ¶ 1.)

At some time after Plaintiff's arrest, but prior to his May 25, 2010 arraignment, Plaintiff complained to his then-counsel, William T. Ferris, that he had been assaulted by officers and sustained injuries. (Pl.'s Counterstatement of Material Facts ("Pl.'s Counter 56.1") ¶ 4, ECF 100.) On May 25, 2010, Plaintiff's booking photo mugshot was taken by the Suffolk County Sheriff's Office. (Defs.' 56.1 ¶ 12.) During Plaintiff's arraignment, his counsel informed the court of Plaintiff's complaints and requested that the court order that Plaintiff be given a medical examination when he returned to the jail. (Pl.'s Counter 56.1 ¶ 4; Pl.'s Counter 56.1, Ex. B ("Pl.'s Ex. B") at 12, ECF No. 100.) After Plaintiff's mugshot was taken at Riverhead Correctional facility, Plaintiff was immediately "escorted to medical." (Pl.'s Counter 56.1 ¶ 5.) Plaintiff's May 25, 2010 medical report indicates, among other things, that he had a "headache-contusion," "neck s[c]ratches 4 lines," and "areas of ecchymosis;" and that he stated that he "was assaulted & head banged against wall 5/24/10." (Pl.'s Counter 56.1, Ex. C ("Pl.'s Ex. C") 15, ECF No. 100.)

2

Plaintiff was ultimately convicted, after trial, of Murder in the Second Degree, Patronizing a Prostitute in the Third Degree and Aggravated Unlicensed Operation of a Motor Vehicle in the Second Degree. (*See* ECF No. 50.) The New York State Appellate Division, Second Department, affirmed Plaintiff's conviction on December 24, 2010. (*See id.*)

## STANDARD OF REVIEW

Summary judgment must be granted when there is "no genuine dispute as to any material fact and the movant[s are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The movants bear the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). Where the non-movant bears the burden of proof at trial, the movants' initial burden at summary judgment can be met by pointing to a lack of evidence supporting the non-movant's claim. *Celotex Corp.*, 477 U.S. at 325. Once the movants meet their initial burden, the non-movant may defeat summary judgment only by producing evidence of specific facts that raise a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 250; *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). The Court is to believe the evidence of the non-movant and draw all justifiable inferences in his favor, *Anderson*, 477 U.S. at 255, but the non-movant must still do more than merely assert conclusions that are unsupported by arguments or facts. *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996).

"It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of*

3

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and emphasis omitted), including when facing a summary judgment motion, *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003). Nevertheless, the "application of this different standard does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." *Id*. at 50 (internal quotation marks omitted).

## DISCUSSION

Defendants argue that Plaintiff's claims are barred by the Supreme Court's holding in *Heck v. Humphrey*. (Defs.' Mem. L. Supp. Mot. Summ J. ("Defs.' Mem.") 9-10, ECF No. 93-5.) In *Heck*, the Supreme Court confirmed that § 1983 damages actions are not the appropriate vehicle for challenging the validity of outstanding criminal judgments because such actions "necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Thus the Supreme Court held that:

> In order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .

*Id*. at 486–87. Significantly, the *Heck* bar is only triggered when success on a § 1983 claim necessarily implicates a Plaintiff's underlying conviction. *Id*.

Here, Plaintiff presses a number of claims pursuant to § 1983, including violations of his Fifth Amendment right against self-incrimination, Sixth Amendment right to counsel, and his Eighth Amendment right to be free from cruel and unusual punishment. As to the Fifth and Sixth amendment claims, the Court agrees with Defendants that each are barred by *Heck*, that is, were Plaintiff to prevail on those claims, the validity of his underlying conviction would be called into question. *See D.S. v. City of New York*, 736 F. App'x 284, 287 (2d. Cir. 2018)

4

(finding plaintiff's claims, including deprivation or ineffectiveness of legal counsel, barred by *Heck* and properly dismissed by the district court); *Zarro v. Spitzer*, 274 F. App'x 31, 35–36 (2d. Cir. 2008) (affirming plaintiff's claims which "raise[d] questions about Plaintiff's Sixth Amendment right to counsel . . . would also implicate the validity of his conviction."). As such, Plaintiff's Fifth and Sixth Amendment claims are *Heck*-barred and therefore dismissed.

The same cannot be said of Plaintiff's Eight Amendment claim, however. Here, Plaintiff maintains that Defendants used excessive force during his May 24, 2010 detention. (*See* Defs.' 56.1 ¶ 15.) Even if a jury were to conclude that Defendants subjected Plaintiff to excessive force, such a finding would not necessarily implicate his underlying convictions. Instructively, the Second Circuit decided a case on virtually identical facts in *Jackson v. Suffolk County*. There, the plaintiff filed a § 1983 action alleging, in relevant part, that the defendant officers used excessive force following his arrest in violation of the Fifth Amendment. *Jackson v. Suffolk County*, 135 F.3d 254, 255 (2d Cir. 1998). At the time the plaintiff filed his § 1983 action, he also had a pending appeal in his criminal case in which he argued that the officers' use of force coerced him into making statements that were used against him at trial. *Id*. at 257. The Second Circuit reversed the district court, holding that the complaint was not *Heck*-barred because "a finding that excessive force had in fact been used would not necessarily require the invalidation of the conviction. " *Id*. Indeed, "the state court might find that the confessions did not result from the use of force . . . [or that] the confessions were coerced by the use of force, but that the failure to suppress them was harmless error." *Id*.

Similarly, in *Shapard v. Attea*, the plaintiff alleged that the defendant-correction officers used excessive force during an altercation with the plaintiff in violation of the Eighth Amendment in retaliation for grievances the plaintiff had filed. *Shapard v. Attea*, 710 F. App'x

15, 16 (2d. Cir. 2017). After a hearing, prison officials concluded that the plaintiff had initiated the altercation and the plaintiff was charged with, and pleaded guilty to, second degree assault in connection with the altercation. *Id* at 16–17. Here again, the Second Circuit reversed the district court, finding that plaintiff's excessive force claims were not *Heck*-barred because their favorable adjudication would not "'necessarily imply the invalidity' of his prior assault conviction." *Id*. at 17 (internal citations omitted). The same holds true in this case.

Even if Plaintiff's excessive force claim is not barred by *Heck*, Defendants contend that a separate Supreme Court decision in *Scott v. Harris* warrants dismissal of the claim. (Defs.' Mem. 7–8 (citing *Scott v. Harris*, 550 U.S. 372 (2007)). In *Scott*, the plaintiff alleged that officers used excessive force during a high-speed chase. 550 U.S. at 380. The incident, including the defendant-officer's interactions with the plaintiff, was fully captured on videotape. *Id*. at 381. The Supreme Court found that the denial of summary judgment was in error because the videotape made plain that the officer had not used excessive force on the plaintiff. *Id*. at 382. Indeed, the Court found that the plaintiff's "version of events" was "so utterly discredited by the record that no reasonable jury could have believed him." *Id*. at 380–81. Contrary to Defendants' urging, such is not the case here.

Unlike in *Scott*, Plaintiff's account of excessive force is supported by at least some evidence in the record. Specifically, the record indicates that Plaintiff complained of injuries to his then-counsel prior to arraignment; and that his counsel observed injuries on Plaintiff, advised the court of the same, and requested that Plaintiff be given a medical examination. (Pl.'s Ex. B at 12.) The medical record from that examination indicates that Plaintiff had "headache-contusion," "neck s[c]ratches 4 lines," and "areas of ecchymosis," and that he had stated that he "was assaulted & head banged against wall 5/24/10." (Pl.'s Ex. C at 15.) And, photographs of

6

Plaintiff's face, enlarged and submitted by Defendants, indicate bruising over Plaintiff's eye. (Skorupa Decl. Supp. Mot. Summ J. ("Skorupa Decl."), Ex. L, ECF No. 93-11; Skorupa Decl., Ex. K, ECF No. 93-10.) Based on the evidence in the record, a reasonable juror could conclude that Defendants used excessive force on Plaintiff following his May 24, 2010 arrest. *Scott*, therefore, is inapposite and Defendant's motion on this ground must fail.[3]

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED in part and DENIED in part. Plaintiff's Eight Amendment claim remains.

SO ORDERED.

Dated: Brooklyn, New York
      March 26, 2021

/s/ LDH
LASHANN DEARCY HALL
United States District Judge

---

[3] Defendants also maintain that, in the alternative, Plaintiff's claims should be dismissed based on the doctrine of collateral estoppel. (Defs.' Mem. 10.) However, Defendants' arguments made in support of this contention only relate to Plaintiff's Fifth and Sixth Amendment claims, which the Court need not reach as it has already decided these claims are *Heck*-barred. (*Id.*) No collateral estoppel argument is made as to Defendant's Eight Amendment claim.