UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHAD S. JOHNSON,

                Plaintiff,

    v.

SUFFOLK COUNTY, et al.

                Defendants.

Case No. 11-cv-2481


## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTIONS *IN LIMINE*


### Rickner PLLC
14 Wall Street, Suite 1603
New York, New York 10005


On the Brief:

    Sara Wolkensdorfer, Esq.

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ...................................................................................1

**ARGUMENT** ...........................................................................................................2

   I.   EVIDENCE REGARDING THE MURDER INVESTIGATION SHOULD BE EXCLUDED ......................................................................................................2

   II.   IMPEACHMENT SHOULD BE LIMITED TO AVOID UNDUE PREJUDICE................5

   III.  PLAINTIFF SHOULD BE PERMITTED TO APPEAR BEFORE THE JURY IN STREET CLOTHES AND WITHOUT RESTRAINTS .............................................7

   IV.  DEFENDANTS SHOULD NOT BE PERMITTED TO IMPLY THAT THEY WILL BE REQUIRED TO PAY JUDGMENT AGAINST THEM ...........................................7

**CONCLUSION** ........................................................................................................8

# TABLE OF AUTHORITIES

## CASES

*Kingsley v. Hendrickson*, 576 U.S. 389 (2015)................................................................3

*Daniels v. Loizzo*, 986 F. Supp. 245 (S.D.N.Y. 1997)....................................................5

*Davidson v. Riley*, 44 F.3d 1118 (2d Cir. 1995) .............................................................7

*Espinosa v. McCabe*, No. 10-cv-497, 2014 WL 988832, at *1 (N.D.N.Y. Mar. 12, 2014) ............6

*Estelle v. Williams*, 425 U.S. 501 (1976)........................................................................7

*Graham v. Connor*, 490 U.S. 386 (1989) ........................................................................3

*Heck v. Humprey*, 512 U.S. 477 (1994).............................................................................2

*Hines v. Huff*, No. 16-cv-503, 2019 WL 3574246, at *2 (N.D.N.Y. Aug. 6, 2019)........................5

*Jackson v. Suffolk County*, 135 F.3d 254 (2d Cir. 1998) ................................................2

*Kemezy v. Peters*, 79 F.3d 33 (7th Cir. 1996) .................................................................7

*Mathie v. Fries*, 121 F.3d 808 (2d Cir. 1997) .................................................................7

*Michelson v. United States*, 335 U.S. 469 (1948)...........................................................5

*Rogoz v. City of Hartford*, 796 F.3d 236 (2d Cir. 2015).................................................3

*Scott v. United States*, 436 U.S. 128 (1978)....................................................................3

*States v. Nichols*, 808 F.2d 660 (8th Cir. 1987)..............................................................5

*Terry v. Ohio*, 392 U.S. 1 (1968) .....................................................................................3

*United States v. Burgos*, 1997 WL 527365, at *1 (D. Conn. July 24, 1997)...................7

*United States v. Agostini*, 280 F. Supp. 2d 260 (S.D.N.Y. 2003) ..................................6

*United States v. Flaharty*, 295 F.3d 182 (2d Cir. 2002) ................................................6

*Williams v. Geraci*, No. 14-CV-5742, 2020 WL 5848738, at *2 (E.D.N.Y. Sept. 30, 2020) ......5, 6

*Zulu v. Barnhart*, No. 16-cv-1408, 2019 WL 3239397, at *2 (N.D.N.Y. July 18, 2019) ...............6

**RULES**

Fed. R. Evid. 403 ............................................................................................................. 7

Fed. R. Evid. 608 ............................................................................................................. 5

Fed. R. Evid. 609(a)(1) .................................................................................................... 5

Plaintiff Chad Johnson submits this memorandum of law in support of the motions *in limine* set forth in his notice of motion.

## PRELIMINARY STATEMENT

On May 24, 2010, Plaintiff was arrested by the Suffolk County Police Department and charged with Murder in the Second Degree, Patronizing a Prostitute in the Third Degree, Possession of Marijuana, and Aggravated Unlicensed Operation of a Motor Vehicle. While in custody but prior to arraignment, Plaintiff was interrogated and beaten multiple times by the Individual Defendants. Plaintiff complained about the assaults to his defense counsel and medical records and photographs of Plaintiff's face evidence the use of excessive force.

Plaintiff now brings motions in limine to ensure a fair trial untainted by irrelevant evidence, unfair prejudice, or misplaced sympathy. *First*, Plaintiff moves to exclude all evidence regarding the underlying murder investigation, as all claims related to the validity of Plaintiff's conviction have been dismissed and because use of force must be judged solely on what those officers knew at the time. *Second*, Plaintiff moves to limit impeachment evidence to avoid undue prejudice—specifically, that Defendants cannot impeach Plaintiff with arrests and/or misdemeanor convictions, and, most importantly, that while Defendants can impeach Mr. Johnson with the fact that he was found guilty of a felony and is currently imprisoned, the details and specific sentence and the length of the sentence should be excluded. *Third*, to ensure fairness, Plaintiff should be permitted to appear before the jury in street clothes and without restraints. *Finally*, Defendants should not be permitted to imply that they will be required to pay any judgment against them.

1

## ARGUMENT

### I.    EVIDENCE REGARDING THE MURDER INVESTIGATION SHOULD BE EXCLUDED

It appears from the Joint Pre-Trial Order (ECF No. 120) that Defendants are attempting to weave in facts regarding the underlying murder investigation to defend against Mr. Johnson's claims of excessive force. Such evidence and testimony should be excluded for two distinct reasons: *First*, Judge DeArcy Hall's summary judgment decision dismissed all claims Plaintiff made to invalidate his conviction and *second*, because the Individual Defendants' decision to use force must be judged solely on what those officers knew at the time, not what was found out later in the investigation.

As to the first point, on March 31, 2020, Defendants moved for summary judgment in this action arguing, in part, that because Plaintiff's claims "would implicate the validity of his conviction and [that] he has failed to demonstrate that the conviction or sentence has been reversed or set aside," they are impermissible under *Heck v. Humprey*, 512 U.S. 477, 486–487 (1994). (ECF. No. 93-5, pg 9). Judge DeArcy Hall agreed with respect to Plaintiff's Fifth and Sixth Amendment claims, holding that each are barred by *Heck*, "that is, were Plaintiff to prevail on those claims, the validity of his underlying conviction would be called into question." 512 U.S. 477 (1994); *see* Memorandum and Order, ECF No. 108. Thus, Plaintiff's sole remaining claim is one for excessive force, which would not necessarily require invalidation of his conviction. *See Jackson v. Suffolk County*, 135 F.3d 254, 257 (2d Cir. 1998).

Judge DeArcy Hall's decision makes clear that all claims that Mr. Johnson's confession was coerced are precluded under *Heck* – Defendants cannot now, after arguing that Mr. Johnson's Fifth and Sixth Amendment claims be dismissed (and getting a ruling of dismissal), attempt to use evidence of the same to defend against an excessive force claim. Further, it appears that Defendants

plan to use a large portion of their evidence as a type of impeachment in the event that Mr. Johnson attempts to allege that his confession was coerced. Mr. Johnson will not attempt to testify or introduce evidence that his confession was coerced, and Defendants should be precluded from introducing evidence regarding dismissed claims that are irrelevant and extremely prejudicial to Plaintiff.

Second, Defendants should not be permitted to weave in irrelevant and highly prejudicial facts from the underlying investigation and criminal case. Excessive force claims are evaluated based on what is "objectively reasonable in light of the facts and circumstances confronting [the officer]." *Graham v. Connor*, 490 U.S. 386, 397 (1989) (citing *Scott v. United States*, 436 U.S. 128, 137-139 (1978) and *Terry v. Ohio*, 392 U.S. 1, 21 (1968)) (emphasis added). "'The 'reasonableness' of the amount of force used thus 'must be judged from the perspective of a reasonable officer on the scene … at the moment' the force is used." *Rogoz v. City of Hartford*, 796 F.3d 236, 247 (2d Cir. 2015) (quoting *Graham*, 480 U.S. at 396) (additional citations omitted). "In sum, the 'standard' to be applied in determining whether 'the amount of force' used exceeded the amount that was 'necessary' in the particular circumstances is 'reasonableness at the moment.'" Id. at 247 (quoting *Graham*, 490 U.S. at 396, 397) (additional citation omitted); see also *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (the relevant question, when force is used, is "what the officer knew at the time, not with the 20/20 vision of hindsight"). Following this well-established precedent, much of the Defendants' evidence should be excluded.

Consequently, the following evidence offered by Defendants should be excluded and/or redacted: Defendants' Exhibit C (Suffolk County Police Department ("SCPD") Incident Report dated May 26, 2010), Defendants' Exhibit H and DD (both Supplementary Reports dated July 13, 2010), and Defendants' Exhibit BB (various police paperwork), include no information related to

3

excessive force and provide no insight whatsoever into the officers' state of mind prior to alleged use of excessive force. As such, they should be excluded entirely.

The following evidence should be excluded entirely as irrelevant, unduly prejudicial, and barred under Judge DeArcy Hall's decision: Defendants' Exhibit M (Suffolk County Court Decision and Order of the Honorary Gary J. Weber, dated March 23, 2011, determining that Plaintiff's confession was voluntary), Defendants' Exhibit U (710.30 Notice and 250.20 Demand, part of Plaintiff's confession), Defendants' Exhibit V (Supplemental 710.30 Notice and 250.20 Demand, part of Plaintiff's confession), Defendants' Exhibit W (a transcript of a jail call on July 22, 2010 between Mr. Johnson and Paulette Plante, a non-party), and Defendants' Exhibit EE (Missing Person Flyer of Jennifer Papain where Plaintiff wrote "That's the girl I've killed").

Defendants' Exhibit I, which includes four photographs of Plaintiff pointing to the location of the victim's body, should be excluded as more prejudicial than probative. Although these photographs may have been taken after Plaintiff's assault, there are other sets of photographs—for example, Defendants' Exhibits J-L—taken of Plaintiff after his confession, which the parties seek to introduce into evidence, that are far less prejudicial. In the alternative, Defendants could at least crop the photographs to just show Plaintiff's face.

Defendants' Exhibit D (Prisoner Activity Log) and Defendants' Exhibit Y (Mugshot Profile) should be redacted regarding the murder charges and any facts related to the investigation.

Finally, any testimony regarding the location of where Jennifer Papain's body was found on May 24, 2010, or testimony by Crime Lab Chief Robert Genna, Forensic Scientist Jennifer Zavesky, Forensic Scientist James Calkins, Evidence Specialist Kelly Stillufsen, Assistant Medical Examiner Dr. H. Sims-Childs, and/or Physician Assistant Christine Szempruch should be excluded as irrelevant. Detective Philip Frendo should also be precluded from testifying regarding

4

the photographs he took on May 24, 2010 of Plaintiff allegedly showing Detectives Soto and Comiskey where he buried Jennifer Papain. Again, any testimony beyond what was known by Defendants at the relevant time force was used is both irrelevant and deeply prejudicial.

## II.   IMPEACHMENT SHOULD BE LIMITED TO AVOID UNDUE PREJUDICE

There are several areas of impeachment that should be excluded or limited. First, arrests, without a conviction, say nothing about Plaintiff's truthfulness and should not be used for impeachment. Mr. Johnson has been arrested before, but Defendants should not be allowed to impeach him based on arrests that did not result in a conviction. Under Fed. R. Evid. 608, an arrest alone is not allowed for impeachment because "[i]t happens to the innocent as well as the guilty. Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 252 (S.D.N.Y. 1997) (quoting *Michelson v. United States*, 335 U.S. 469, 482 (1948).

Second, Plaintiff should also not be impeached with misdemeanors. Minor crimes, punishable with imprisonment for more one year or less, are excluded for impeachment under Fed. R. Evid. 609(a)(1). *See United States v. Nichols*, 808 F.2d 660, 664 (8th Cir. 1987) (finding that "impeachment is proper only if the conviction permits imprisonment greater than one year.").

Finally, while Defendants can certainly impeach Mr. Johnson with the fact that he was found guilty of a felony and is currently imprisoned, the details and specific sentence (Murder in the Second Degree) and the length of the sentence, other than to state that the felonies are punishable by a term of imprisonment of more than one year, should be excluded. *See Williams v. Geraci*, No. 14-CV-5742 (SIL), 2020 WL 5848738, at *2 (E.D.N.Y. Sept. 30, 2020), citing *Hines v. Huff*, No. 16-cv-503, 2019 WL 3574246, at *2 (N.D.N.Y. Aug. 6, 2019) (internal citations omitted) (reasoning that "[t]he length of a sentence may bear a relation to the gravity of an offense"

5

and finding that admitting the length of the sentence "creat[es] a danger of unfair prejudice because the jury might infer from its length that Plaintiff committed a serious violent crime, and unfairly

Allowing testimony that Mr. Johnson was found guilty of murder is tantamount to allowing in evidence of the subsequent investigation and prosecution that we seek to exclude in Section I, above. Further, his conviction is not a crime of dishonesty. *See United States v. Flaharty*, 295 F.3d 182, 191 (2d Cir. 2002) ("Murder generally is not a crime of dishonesty ..."); *see also Espinosa v. McCabe*, No. 10-cv-497, 2014 WL 988832, at *1, 4 (N.D.N.Y. Mar. 12, 2014) (finding that the impeachment value of prior convictions weighs against admission for a plaintiff's felony convictions, which included Attempted Murder in the Second Degree and Criminal Use of a Firearm in the First Degree).

As You Honor reasoned in his motions in limine rulings in *Williams*, even if Plaintiff's conviction could potentially speak to Plaintiff's credibility, the probative value of the conviction is substantially outweighed by the unfair prejudice that Mr. Johnson may face by allowing admission of his conviction. No. 14-CV-5742 (SIL), 2020 WL 5848738, at *2 (*see, e.g.*, *Zulu v. Barnhart*, No. 16-cv-1408, 2019 WL 3239397, at *2 (N.D.N.Y. July 18, 2019), citing *United States v. Agostini*, 280 F. Supp. 2d 260, 262 (S.D.N.Y. 2003)) (finding that a plaintiff's prior murder conviction is highly prejudicial and could cause the jurors to evaluate his worth as a witness based on that conviction, regardless of its irrelevance to his claim).

Accordingly, Plaintiff's criminal history, which includes only one felony, should not be used for impeachment purposes. With respect to Plaintiff's murder conviction, any evidence beyond the fact that he was found guilty of a felony for which he is currently imprisoned and serving a sentence greater than one year should be excluded.

## III.    PLAINTIFF SHOULD BE PERMITTED TO APPEAR BEFORE THE JURY IN STREET CLOTHES AND WITHOUT RESTRAINTS

"In civil as well as criminal cases, the right to a fair trial is fundamental. In either type of case, the court must be alert to avoid practices that may undermine the fairness of the fact finding process." *Davidson v. Riley*, 44 F.3d 1118, 1122 (2d Cir. 1995). Forcing a party to appear before a jury in prison clothes violates his due process right to a fair trial. *See Estelle v. Williams*, 425 U.S. 501, 512-13 (1976); *see also United States v. Burgos*, 1997 WL 527365, at *1 (D. Conn. July 24, 1997). So does keeping him in restraints, unless the court finds after a hearing that such restraints are absolutely necessary. *See Davidson*, 44 F.3d at 1124-25.

Mr. Johnson is presently incarcerated, but there is no reason to believe he poses any escape risk or security risk. The Court should therefore allow him to appear before the jury in appropriate civilian attire, without handcuffs or other restraints, and without the overly conspicuous involvement of law enforcement whose presence might undermine the fairness of the trial by creating the misleading impression that Mr. Johnson is a threat. To the extent that Mr. Johnson needs to be escorted in and out of the courtroom or to and from the witness stand, the Court should ensure that it happens outside the presence of the jury.

## IV.    DEFENDANTS SHOULD NOT BE PERMITTED TO IMPLY THAT THEY WILL BE REQUIRED TO PAY JUDGMENT AGAINST THEM

Defendants should be precluded under Fed. R. Evid. 403 from suggesting or implying that they will have to pay any judgment in this case.

There is a substantial likelihood that they will be indemnified by Suffolk County. Defendants "should not be allowed to plead poverty if his employer or an insurance company is going to pick up the tab." *Kemezy v. Peters*, 79 F.3d 33, 37 (7th Cir. 1996); *see also Mathie v. Fries*, 121 F.3d 808, 816 (2d Cir. 1997) ("It would be entirely inappropriate for a defendant to raise the issue of his limited financial resources if there existed an indemnity agreement placing

the burden of paying the award on someone else's shoulders."). Furthermore, even if Defendants' financial circumstances are deemed to be somehow minimally relevant, its "relevance" would be substantially outweighed by the danger of prejudice and affirmatively misleading the jury under Rule 403.

It is likely that the Defendants will argue that indemnifications decisions will not be finalized until after a verdict, but that does not change the fact that Suffolk regularly indemnifies officers after trial. In the alternative, if Defendants are permitted to testify about their financial resources, and the burden of having to pay a judgment, we should be allowed to question them about indemnification, including prior lawsuits where Suffolk has agreed to pay damages in civil rights cases.

## CONCLUSION

For the reasons stated above, Plaintiff's motions *in limine* should be granted.

Dated: New York, New York
September 13, 2024

Rickner PLLC

By: _____
Sara Wolkensdorfer

14 Wall Street, Suite 1603
New York, New York 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for Plaintiff*

8