UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHAD JOHNSON,

                  Plaintiff,

                                                                         11-CV-2481 (SIL)

-against-

SUFFOLK COUNTY, SCPD HEADQUARTERS,
SEAN COMISKEY, MICHAEL SOTO AND SEAN P.
MCQUAID,

                  Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN PARTIAL
OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE***

DATED:    Hauppauge, New York
               October 25, 2024

                                              Respectfully submitted,

                                              Christopher J. Clayton
                                              Suffolk County Attorney
                                              Attorney for Defendants
                                              H. Lee Dennison Building
                                              100 Veterans Memorial Highway
                                              P. O. Box 6100
                                              Hauppauge, New York 11788

                                              By:  Stacy A. Skorupa
                                                     Assistant County Attorney

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

STANDARD OF REVIEW ................................................................................................... 1

POINT I
EVIDENCE REGARDING THE MURDER INVESTIGATION IS
RELEVANT TO PLAINTIFF'S EXCESSIVE FORCE CLAIMS .............................................. 2

POINT II
PLAINTIFF'S ARGUMENT THAT IMPEACHMENT SHOULD BE
"LIMITED" TO AVOID UNDUE PREJUDICE SHOULD BE REJECTED ........................... 9

CONCLUSION .................................................................................................................... 11

## PRELIMINARY STATEMENT

Suffolk County Detectives Sean Comiskey, Sean P. Mcquaid and Michael Soto, Defendants in this civil rights action pursuant to 42 U.S.C. §1983 ("Defendants"), submit this memorandum of law in response and partial opposition to Plaintiff Chad Johnson's motions *in limine* dated September 13, 2024 [DE 129]. In said motions, Plaintiff moves the Court to issue four rulings in advance of the upcoming trial of this matter scheduled for January 13, 2025. Specifically, Plaintiff moves the Court to issue Orders: (1) excluding all evidence regarding the underlying murder investigation; (2) limiting impeachment evidence to avoid undue prejudice; (3) permitting Plaintiff to appear before the jury in street clothes and without restraints; and (4) precluding Defendants from implying that they will be required to pay any judgment against them.

As to the third motion, Defendants take no position and instead defer to the Court to appropriately address the balance of Plaintiff's due process rights and the safety, security and integrity of the proceedings, as well as Plaintiff's status as an incarcerated, sentenced prisoner for a murder conviction which directly relates to this case.

As to the Plaintiff's fourth motion, Defendants have no intention of implying that they will be required to pay a judgment against them, thus making this motion moot. However, as Defendants have no intention of raising any issue of indemnification before the jury, they respectfully move the Court to Order Plaintiff that it is not appropriate to do so either.

As to the first two motions, Defendants contend that they are without merit and should be denied for the reasons set forth herein.

## STANDARD OF REVIEW

" 'The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence.' " *Manzone v. Wal-Mart Stores, Inc.*, No. 17 CV 277 (SIL), 2020 WL 5411483, at *2 (EDNY 2020) (further citations omitted).

1

"Evidence should only be excluded if it is inadmissible on all potential grounds." *Id.* (further citations omitted). "Courts considering a motion *in limine* may reserve decision until trial in order to place the motion in the appropriate factual context." *Id.* (further citation omitted). "The court's ruling is also 'subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected].' " *Id.* (further citation omitted).

## POINT I

### EVIDENCE REGARDING THE MURDER INVESTIGATION IS RELEVANT TO PLAINTIFF'S EXCESSIVE FORCE CLAIMS

"Evidence must be relevant to be admissible at trial." *Fox v. Triborough Bridge & Tunnel Auth.*, No. 17CV4143NGGJO, 2019 WL 5842792, at *2 (EDNY 2019) (citing FRE 402). "Evidence is relevant if it 'has any tendency to make a fact [that is of consequence to the determination of the action] more or less probable than it would be without the evidence.' " *Id.* (citing FRE 401). "This relevance standard is 'very low.' " *Id.* (further citations omitted). "All relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence, or rules prescribed by the Supreme Court provide otherwise." *Id.* (further citations omitted).

In asserting that evidence and testimony regarding the underlying murder investigation into Plaintiff should be excluded, Plaintiff makes two separate arguments. First, Plaintiff alleges that District Judge DeArcy Hall's summary judgment decision dismissed all claims Plaintiff made to invalidate his conviction. Second, Plaintiff argues for exclusion on the grounds that Defendants' decision to use force must be judged solely on what the officers knew at the time, not what was found out later in the investigation.

As to the first argument, Defendants contend that Plaintiff has misconstrued the meaning of Judge DeArcy Hall's decision [DE 108]. Relying on the precedent set forth in *Jackson v.*

2

*Suffolk County*, 135 F.3d 254, 255 (2d Cir. 1998), which the Court stated was "virtually identical" factually to the instant case, the Court found that a coerced confession *may* not invalidate a conviction as, for example, the failure to suppress might be harmless error. Further, evidence at trial could have been so overwhelming as in cases cited in the Court's decision that the admissibility of the confession did not make a difference in the state court's finding at trial.

In his moving papers [DE 129-1, p. 7 of 12], Plaintiff specifically states that he "will not attempt to testify or introduce evidence that his confession was coerced, and Defendants should be precluded from introducing evidence regarding dismissed claims that are irrelevant and extremely prejudicial to Plaintiff." However, if that is in fact the case, then all of his claims should be deemed abandoned or his testimony will result in perjury. Every allegation he makes of excessive force against Defendants, as can be gleaned from a review of the transcript of Plaintiff's November 30, 2016 deposition in this matter which is attached hereto as Exhibit A (specifically from page 105 to the end of the transcript), arises from Defendants' interrogation of him on May 24, 2010 where he claims they repeatedly beat him to coerce a confession out of him in a murder case. Thus, to further respond to the instant motion, Defendants respectfully request that the Court direct Plaintiff to point to what, if any, of his excessive force claims remain as delineated in Exhibit A that do *not* arise from the allegation that Defendants beat him to coerce him to confess and lead them to the body of the decedent.

As to Plaintiff's second argument (that Defendants' decision to use force must be judged solely on what those officers knew at the time, not what was found out later in the investigation), this argument holds no weight. Defendants contend that Plaintiff was never subjected to any force whatsoever. Thus, any arguments for preclusion to this end are meritless.

A review of Plaintiff's deposition at Exhibit A, as well as the pretrial hearing minutes from the trial of the murder dated February 16, 17 and 23, 2011, as well as March 21-23, 2011,

3

attached hereto in their entirety as Exhibit B, establish that the murder investigation is wholly relevant to Plaintiff's excessive force claims against Defendants. In fact, it is impossible to try this case without reference to this investigation.

Plaintiff's allegations of excessive force against all three defendants are inextricably intertwined with the murder investigation itself. He contends that upon being arrested around 2:00 pm on May 24, 2010 for driving with a suspended license, possession of marijuana and patronizing a prostitute (who was, in fact, the decedent in the murder investigation) after he was interviewed by the police prior without incident, he was beaten repeatedly over several hours by all three defendants to coerce him into confessing to murder—a murder for which he was arrested later that evening after confessing and leading the police to the body of the decedent and has since been convicted and is serving a state prison sentence of 25 years to life. The idea that this case can be tried without reference to the murder investigation is nonsensical. This case *is* the murder investigation. In fact, the very evidence Plaintiff appears to seek to preclude is the *res gestae* of the case itself.

Plaintiff cannot try his case in a vacuum. By way of these motions seeking to preclude photographic and other evidence illustrating his physical condition during and after his interactions with Defendants, as well as testimonial evidence from individuals who interacted with Plaintiff other than Defendants during and after his interaction with them, that is exactly what Plaintiff is attempting to do. Based on this, Plaintiff's motion to preclude evidence of the murder investigation must be denied.

### A. Documentary Evidence That Plaintiff Argues Should Be Excluded In Its Entirety

At the outset, Plaintiff argues that "the following evidence offered by Defendants should be excluded and/or redacted: Defendants' Exhibit C (Suffolk County Police Department ("SCPD") Incident Report dated May 26, 2010), Defendants' Exhibit H and DD (both Supplementary Reports

4

dated July 13, 2010), and Defendants' Exhibit BB (various police paperwork)," contending that they "include no information related to excessive force and provide no insight whatsoever into the officers' state of mind prior to alleged use of excessive force." DE 129-1, pp. 3—4.

Relatedly, Plaintiff urges that "[t]he following evidence should be excluded entirely as irrelevant, unduly prejudicial, and barred under Judge DeArcy Hall's decision: Defendants' Exhibit M (Suffolk County Court Decision and Order of the Honorary Gary J. Weber, dated March 23, 2011, determining that Plaintiff's confession was voluntary), Defendants' Exhibit U (710.30 Notice and 250.20 Demand, part of Plaintiff's confession), Defendants' Exhibit V (Supplemental 710.30 Notice and 250.20 Demand, part of Plaintiff's confession), Defendants' Exhibit W (a transcript of a jail call on July 22, 2010 between Mr. Johnson and Paulette Plante, a non-party), and Defendants' Exhibit EE (Missing Person Flyer of Jennifer Papain where Plaintiff wrote 'That's the girl I've killed')." DE 129-1, p. 4.

Preliminarily, Plaintiff's contention that the only relevant evidence is the officers' state of mind at the moment of force is simply wrong. See *Hartman v. Snelders*, No. 04 CV 1784 (CLP), 2010 WL 11626508, at *14 (EDNY 2010) (rejecting contention that a fact-finder is prohibited "from considering any information outside of the actual moment of the alleged excessive force[,]" and emphasizing instead that "the fact-finder may consider circumstances existing at times other than the moment of the alleged excessive force, so long as reports of those circumstances are not subsequently learned to be inaccurate."). Regardless and as stated, Defendants contend no force was utilized whatsoever.

Importantly, while " [t]he Federal Rules of Evidence prohibit admission of evidence of other crimes, wrongs, or acts ... to prove the character of a person in order to show action in conformity therewith[,]" the Rules "do, however, permit admission of such evidence for other purposes." *United States v. Bumagin*, 136 F. Supp. 3d 361, 367 (EDNY 2015) (internal and further

5

citations omitted). "Evidence is 'not other-act evidence within the meaning of Rule 404(b)' when it is 'admissible to prove material facts other than [Defendant's] propensity to commit a crime.' " *Id.* (further citations omitted). "Specifically, 'evidence of uncharged criminal activity is not considered other crimes evidence under [Federal Rule of Evidence 404(b) ] if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial.' " *Id.* (further citation omitted).

Contrary to Plaintiff's claims, the above-referenced evidence is clearly relevant, and its probative value is not "substantially outweighed" by "unfair prejudice." FRE 403. Undisputedly, Plaintiff claimed that he was beaten into giving a false coerced confession almost immediately after giving it, and he therefore plainly had the motive to fabricate the excessive force claims in an attempt to invalidate the confession and beat the charges against him for murder. See *United States v. Graziano*, 558 F. Supp. 2d 304, 321 (EDNY 2008) (evidence of prior bad act admissible where the "the government seeks to admit such evidence for a proper purpose—namely, motive and/or intent.").

As to the relevance of the specific exhibits Plaintiff contests, Defendants rely on the arguments set forth in the Joint Pretrial Order filed in this matter regarding their admissibility [DE 120] and are prepared to argue in further detail their responses thereto at the pretrial conference addressing the instant motions. As stated therein, there is information in these documents that may be relevant as the trial progresses if not relevant at the outset. As such, Defendants respectfully request to respond to these objections as they are offered on a case-by-case basis.

### B. Evidence Plaintiff Concedes Is Relevant But Argues Is Unfairly Prejudicial

Plaintiff's assertion that "Defendants' Exhibit I, which includes four photographs of Plaintiff pointing to the location of the victim's body, should be excluded as more prejudicial than

6

probative[,]" DE 129-1, p. 4, must be rejected. As Plaintiff admits, these photographs—which show the right side of Plaintiff's face (with Plaintiff specifically contending the right side of his face was battered) and body—were taken shortly after many of the alleged "assaults" he claims to have endured at the hands of the defendants on the date in question. The suggestion that Exhibit I should be excluded because "other sets of photographs" are "far less prejudicial" is also untenable, given that the photographs in question were taken in between the multiple allegations of excessive force Plaintiff makes as illustrated in Exhibit A. Likewise, Plaintiff's alternative request that Exhibit I should be cropped "to just show Plaintiff's face[,]" is without merit, because Plaintiff alleges being beaten all over his body, as well, and this full body image is relevant to show his posture, demeanor, physical appearance, potential injuries, etc.

Likewise, Plaintiff's contention that "Defendants' Exhibit D (Prisoner Activity Log) and Defendants' Exhibit Y (Mugshot Profile) should be redacted regarding the murder charges and any facts related to the investigation[]" DE 129-1, p. 4, cannot be accepted, because, as is undisputed, Plaintiff's allegations that he was subject to excessive force were inextricably intertwined with the murder investigation, and highlight his motive to lie.

### C. Testimonial Evidence Plaintiff Argues Is Irrelevant And Prejudicial

Plaintiff also argues that "any testimony regarding the location of where Jennifer Papain's body was found on May 24, 2010, or testimony by Crime Lab Chief Robert Genna, Forensic Scientist Jennifer Zavesky, Forensic Scientist James Calkins, Evidence Specialist Kelly Stillufsen, Assistant Medical Examiner Dr. H. Sims-Childs, and/or Physician Assistant Christine Szempruch should be excluded as irrelevant." DE 129-1, p. 4. On this point, Plaintiff adds that "Detective Philip Frendo should also be precluded from testifying regarding the photographs he took on May 24, 2010 of Plaintiff allegedly showing Detectives Soto and Comiskey where he buried Jennifer

7

Papain[,]" claiming "that any testimony beyond what was known by Defendants at the relevant time force was used is both irrelevant and deeply prejudicial." DE 129-1, pp. 4—5.

Again, Defendants reaffirm that no force was used against Plaintiff that day. Thus, his physical appearance at the time he was in the presence of these individuals in between some of the numerous beatings he alleged he endured is highly relevant. He led the police to the decedent's body in the woods during the several hour period he was in police custody during which he claims to have been battered and beaten multiple times by all defendants. The testimony of any individuals who came into contact with him during that time is relevant to how Plaintiff appeared and was acting immediately afterward, with the fact that Plaintiff was inculpating himself in a murder illustrating Plaintiff's motive to fabricate that he was coerced.

### D.    Conclusion

Federal Rule of Evidence 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." In the instant matter, Plaintiff has failed to meet this threshold. In fact, if there is anything that will confuse or mislead the jury, it is the preclusion Plaintiff seeks. Preclusion of evidence of the underlying murder investigation will leave the jury to speculate—a situation that may very well prejudice both sides at trial. Further, under Rule 404(b), evidence of the underlying murder investigation is admissible as it establishes a motive for Plaintiff to lie about excessive force being inflicted on him by Defendants in an effort to invalidate his confession and acquit him on the murder charge.

Based on the foregoing, Plaintiff's motion to preclude all evidence regarding the underlying murder investigation should be denied in its entirety.

# POINT II

## PLAINTIFF'S ARGUMENT THAT IMPEACHMENT SHOULD BE "LIMITED" TO AVOID UNDUE PREJUDICE SHOULD BE REJECTED

### A. Plaintiffs' Prior Criminal History Apart From The Murder Conviction

First, Plaintiff asserts that "Mr. Johnson has been arrested before, but Defendants should not be allowed to impeach him based on arrests that did not result in a conviction." DE 129-1, p. 5. Second, and relatedly, Plaintiff argues that he "should also not be impeached with misdemeanors." DE 129-1, p. 5.

Plaintiff was a person of interest in the murder at issue prior to his interactions with Defendants on the date at issue in this case. He was known to the police, with multiple prior arrests before his arrest in the instant matter for both misdemeanors and felonies from the date of his first arrest on May 31, 2006 to the date of the instant arrest on May 24, 2010 for which he has been incarcerated ever since. Many of these arrests were for criminal contempt, both as a misdemeanor and as a felony, for failing obey court orders and violations of orders of protection. Many of them were for domestic offenses and involved violence towards persons or property and were incidents Defendants were aware of prior to their interactions with him as Plaintiff states in his deposition at Exhibit A at page 189. To the extent the officers were aware of these prior contacts with the law before they interacted with Plaintiff, they are relevant to their state of mind in interacting with him. See *Griffin v. Vill. of Southampton*, No. 04-CV-4052 (SIL), 2018 WL 2272762, at *2 (EDNY 2018) (holding that "documents regarding Glowczenski's criminal record of which either Donovan, Wetter, or Schucht was aware prior to February 4, 2004 are relevant to the circumstances surrounding their interactions with Glowczenski on the date at issue and, therefore, whether the force used was excessive."). Thus, their probative value outweighs any potential prejudice to

9

Plaintiff who is incarcerated for potentially life on a far more egregious crime in the instant case which the jury will undoubtedly learn.

### B. Plaintiff's Murder Conviction In Which He Alleged Excessive Force was Used to Secure his Confession

While Plaintiff concedes that "Defendants can certainly impeach Mr. Johnson with the fact that he was found guilty of a felony and is currently imprisoned," he argues that "the details and specific sentence (Murder in the Second Degree) and the length of the sentence, other than to state that the felonies are punishable by a term of imprisonment of more than one year, should be excluded." DE 129-1, p. 5.

With respect to attacking a witness's character for truthfulness by evidence of a criminal conviction, the Federal Rules provide that "(1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence: (A) *must be admitted*, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant[.]" (italics added).

Here and again, Plaintiff's murder conviction is inextricably intertwined and necessary to tell the story of Plaintiff's excessive force claims, especially as he had a clear motive to fabricate them in a desperate attempt to exonerate himself on the criminal charges. See *Williams v. Geraci*, No. 14-CV-5742 (SIL), 2020 WL 5848738, at *8 (EDNY 2020) ("The Court concludes that Williams telling the jury in his criminal trial that he did not commit the crime, but then stating that another one of his personalities named Malik did, while failing to mention multiple personalities during the police interrogation following his arrest, is relevant to truthfulness, and thus may be explored on cross-examination.") Thus, Defendants seek to introduce evidence of his conviction, the underlying facts leading to it and his contemporaneous convictions via a trial by a jury of his peers for Patronizing a Prostitute in the Third Degree (said prostitute being the decedent who he

10

murdered due to a monetary dispute over her services and their agreement) and Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree, both of which he was arrested for on the date in question prior to his interactions with Defendants. Defendants further seek to introduce evidence of his lengthy prison sentence for the murder (25 years to life) as it further exemplifies his motive to lie and allege excessive force in order to avoid conviction for murder and the severe consequences that come with it.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that Plaintiff's motions be denied to the extent set forth herein.

Dated:   Hauppauge, New York
         October 25, 2024

                                              CHRISTOPHER J. CLAYTON
                                              Suffolk County Attorney
                                              Attorney for Defendants
                                              100 Veterans Memorial Highway
                                              P.O. Box 6100
                                              Hauppauge, New York 11788
                    By:      */s/ Stacy A. Skorupa*
                                              Stacy A. Skorupa
                                              Assistant County Attorney