**COUNTY OF SUFFOLK**



**EDWARD P. ROMAINE**
**SUFFOLK COUNTY EXECUTIVE**

**CHRISTOPHER J. CLAYTON**　　　　　　　　　　　　　　　　　　　　　**DEPARTMENT OF LAW**
**COUNTY ATTORNEY**

January 12, 2025

Hon. Steven I. Locke, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:   *Johnson v. Suffolk County, et al.*
              11-cv-2481(SIL)

Dear Judge Locke:

As the Court is aware, this Office represents Defendants in the above-captioned matter. Plaintiff is represented by Rob Rickner and Sara Wolkensdorfer of Rickner PLLC. Defendants are in receipt of Plaintiff's supplemental motion *in limine* filed on Friday evening, January 10, 2025 at 7:03 pm and hereby respond accordingly. Preliminarily, the undersigned notes that Plaintiff's Counsel failed to comply with the Court's meet-and-confer requirement prior to filing this motion as further delineated below.

As to the issue regarding the Suffolk County Correctional Facility medical records of Plaintiff at Exhibit N, Defendants reiterate that the first time the issue of redaction of these medical records was raised at all in the 11 months since the Joint Pretrial Order was filed in February 2024 [DE 120] wherein on page 14, Plaintiff noted "no objections at this time". Plaintiff's motions *in limine* in this matter were due on September 13, 2024—four months prior to the date of tomorrow's jury selection. In his submission at DE 129, there is no mention whatsoever of Plaintiff seeking a motion to limit the medical records at Exhibit N. Via Order dated December 27, 2024, the Court granted the parties' joint motion to provide the Court with tabbed binders of trial exhibits at the January 7, 2025 motion hearing (on DE 129) and further stated that additional disputed exhibits may be provided to the Court on January 3, 2025, via email. While the undersigned provided an additional disputed exhibit in the form of Plaintiff's Exhibit 2 (the arraignment minutes from Plaintiff's underlying criminal case), Plaintiff's Counsel provide no "additional disputed exhibits".

Thus, the first time the undersigned even heard that Plaintiff was seeking a redaction of his medical records at Exhibit N and O was at the conference before the Court on Plaintiff's *in limine* motions at DE 129 this past Tuesday, January 7, 2025. Based on the Court's directive to go through and redact Exhibit N over Defendants' objection, and without any prior objection to it from Plaintiff's Counsel before less than a week before jury selection in this case, I spent several

hours over the next 2 ½ days, while attempting to meet and prepare my clients for trial and redact the multiple other exhibits as a result of the Court's findings and orders on Tuesday, and again over Defendants' objection to same.

Those documents were provided to Plaintiff's Counsel on Friday, January 10, 2025—as quickly as I could provide them, given the circumstances. The medical records alone at Exhibits N and O are comprised of 370 pages in the aggregate of both typewritten and handwritten records. This task took in excess of 8 hours to complete on its own—far longer than anticipated at the conference.

As to Ms. Wolkensdorfer's statements in Plaintiff's letter at DE 148, she and I have been in constant contact via telephone, text message and e-mail since the conference on Tuesday, January 7, 2025. I apprised of my position and progress on multiple things, and we exchanged a number of redacted documents with each other and in compliance with the Court's Order. Once she received the redacted version of Exhibit N, she contacted me via text message at 1:30 pm preliminarily and I advised her that while I was happy to speak with her over the weekend about this issue, I was going to be with my clients for the rest of the day, having spent the prior day and a half in large part redacting the medicals, and could not spend the time addressing the various issues that afternoon. I suggested she e-mail me her concerns. She did so and I advised her via e-mail that I disagreed with her position and that we would have to take it up with the Court tomorrow (as the Court had directed, to my understanding, if there was a disagreement about the redactions). The instant motion followed.

As to Exhibit O (Plaintiff's medical records from Downstate Correctional Facility) it remains Defendants' position that we do not intend to introduce the medical records at Exhibit O on our direct case at this time, but may seek to utilize them for impeachment purposes to the extent permissible under the Federal Rules and permitted by the Court, should the need arise when Plaintiff testifies.

Based on the foregoing, the undersigned respectfully requests that Plaintiff's motion to preclude be denied as baseless and to be heard on these issues in further detail prior to jury selection tomorrow morning or at the Court's convenience prior to the commencement of the trial itself following jury selection.

As to the other two issues raised in Plaintiff's letter, as exhibited by the undersigned's e-mail last evening to your courtroom deputy with Plaintiff's Counsel copied, the redacted copies of Plaintiff's various statements in Exhibit U (which are not handwriting samples as characterized, but written statements signed by Plaintiff) have been provided to Plaintiff's Counsel. They were in the process of being e-mailed at the time Ms. Wolkensdorfer filed the instant motion. These statements, in unredacted form, have been in Plaintiff's possession and the possession of his counsel for some time as they were provided to the undersigned *by* Mr. Rickner's office at some time after they took over the case in late 2022, as exhibited by the Bates stamps from Plaintiff.

As to the issue of page 4 of Exhibit V, it is Defendants' understanding that, contrary to Ms. Wolkensdorfer's position, the Court deemed both pages 4 and 5 of Exhibit V admissible based on Defendants' position regarding same.

Defendants are prepared to further argue in person in response to Plaintiff's letter motion at the Court's convenience.

We thank the Court in advance for its anticipated consideration of this request.

Very truly yours,

Christopher J. Clayton
County Attorney
*/s/ Stacy A. Skorupa*
By:  Stacy A. Skorupa
Assistant County Attorney

CC: Counsel of record (via ECF)

LOCATION
H. LEE DENNISON BLDG.
100 VETERANS MEMORIAL HIGHWAY   ♦

MAILING ADDRESS
P.O. BOX 6100
HAUPPAUGE, NY  11788-0099   ♦

(631) 853-4049
TELECOPIER (631) 853-5169